VALIENTE & Co., Plaintiff and Appellee, *v.* HEIRS OF ABDÓN FUENTES MARRERO, ETC., Defendants and Appellants.[*]

No. 5567. Argued May 17, 1932.—Decided July 29, 1933.

---

[*] NOTE.—On appeal to the U. S. Circuit Court of Appeals for the First Circuit, this decision was affirmed. See 76 F. (2d) 78.

*Pedro G. Quiñones* and *De la Torre & Ramírez* for appellants. *R. Rivera Zayas* and *R. Díaz Cintrón* for appellee.

Mr. Justice Hutchison delivered the opinion of the Court.

In June, 1921, and again in June, 1922, Abdón Fuentes was confined in the Insular Insane Asylum. The case was diagnosed as paretic dementia or general progressive paralysis. In July, 1922, Fuentes was adjudged to be, by reason of insanity, mentally incapable of managing his own affairs, and his son Florentino, was named as tutor. In April, 1923, the district court, which had adjudged Abdón Fuentes to be mentally incapacitated, found that he had been cured of his insanity, and terminated the tutorship. In September, 1927, Florentino Fuentes and Abdón Fuentes signed, as several debtors, two promissory notes payable to Valiente & Company or order.

The name of Abdón Fuentes was subscribed by one of the witnesses. A mark was identified as having been made

by Fuentes. A letter dated August 10, 1928, drafted by an employee of Florentino Fuentes and said to have been written at the instance of Abdón Fuentes, bears the signature of Abdón Fuentes and his wife, Rosalía Suárez. The employee who wrote this letter, including the signature, testified that Abdón Fuentes and his wife, signed by making their marks in his presence. Abdón Fuentes was at the time confined to his bed and died shortly thereafter. A physician who was called into consultation some four weeks before the death of Fuentes found him in an advanced stage of paretic dementia. The physician who had been in attendance prior to the date of this consultation was summoned as a witness for the defense, but did not appear at the trial.

Plaintiff obtained a judgment for something less than $13,000. This included more than $10,000 claimed to be due on the two notes above mentioned, and a debt of something less than $2,000, originally owed by Florentino Fuentes, all of which had been charged to the account of Abdón Fuentes in accordance with the terms of the letter of August 10, 1928.

Two of the defendants, Aurelia Fuentes de Rodríguez and Rosalía Fuentes y Suárez, after certain admissions and denials, alleged that Abdón Fuentes was incapable of entering into any contract at the time the two notes were alleged to have been executed and at the time the letter of August 10, 1928, was alleged to have been written. The testimony as to the facts above outlined and as to the progressive, although sometimes intermittent, character of the disease, fairly established the defense of mental incapacity. The district judge found that the prima facie showing of defendants had been overcome by the judicial order of April 19, 1923, introduced in rebuttal by plaintiff. The district judge, however, reached this conclusion upon the theory of an estoppel arising out of subdivision 3 of section 101 of the Law of Evidence, which provides that: "Whenever a party has, by his own declaration, act, or omission, intentionally and deliberately led another to believe a particular thing true and to act upon

such belief, he cannot, in any litigation arising out of such declaration, act, or omission, be permitted to falsify it.''

The daughter, Aurelia Fuentes de Rodríguez, was not a party to the proceeding which culminated in the order of April 19, 1923. There is nothing to show that either the wife or the daughter by any ''declaration, act, or omission,'' or otherwise, ''intentionally and deliberately,'' or otherwise, led plaintiff to believe that Abdón Fuentes was sane at the time he is alleged to have executed the notes and to have written the letter in question. There is nothing to show that plaintiff was induced by any one to rely on the order of April 19, 1923, or that it did rely on that order. There is nothing to show that plaintiff had any knowledge of the order.

It may be conceded that the order, even though it may have been a judicial blunder committed during a period of remission or so-called lucid interval, is conclusive upon the question of sanity at that time. It may be conceded that the ''restoration'' to sanity evidenced by this adjudication must be presumed to have continued ''as long as is usual with things of that nature.'' See subdivision 31 of section 102 of the Law of Evidence. Abdón Fuentes, who was conclusively shown to have been suffering from progressive paresis some two years or more prior to his judicial ''restoration'' can hardly be presumed to have been sane during a period of five years from the date of that adjudication. So far as the latter part of that period is concerned, any such presumption would have been destroyed by the evidence. The fact that Fuentes at or near the end of this five-year period was found in an advanced stage of progressive paresis, taken in connection with the nature of that disease and the date of its earlier development, was enough to show that he had not been sane for some time prior to the time of his death.

A member of the plaintiff firm appears to have participated in making an inventory of Fuentes' property when he was adjudged insane. The mental condition of Fuentes at

the time the letter was written, if not at the time the notes were signed would have been apparent to any physician. The notes as well as the obligations assumed in the letter, were absolutely void, whether plaintiff was aware of Fuentes' derangement or not. Other items of the account seem to rest upon no better footing.

The judgment appealed from must be reversed, so far as the defendants, Aurelia Fuentes de Rodríguez and Rosalía Fuentes y Suárez, are concerned and in lieu thereof the judgment of this court will be entered to the effect that as to such defendants plaintiff may not recover, all without special pronouncement as to costs.

Mr. Justice Wolf and Mr. Justice Aldrey dissented.